OPINION OF THE COURT
John F. Holden, Jr., J.
This action in which the plaintiff seeks to recover the sum of $761.25 from the defendant bank involves a question of law which goes to the heart of the credit card operation and appears to be one of first impression in this State.
Plaintiff moves for summary judgment and, appropriately so, since there are no triable issues of fact. The uncontroverted facts are as follows: The plaintiff who operates a transmission repair shop performed certain work on a customer’s car. The customer paid for the work by use of his credit card and the car was released to him by the repair shop, which thereby gave up its possessory mechanic’s lien. The owner of the repair shop on February 8,1980 deposited a credit card sales slip in the amount of $761.25 into his checking account maintained at the defendant bank. On March 29, 1980, 50 days after deposit, the customer executed a form entitled “Cardholder Dispute” printed by the Marine Midland Bank. On this form he stated that he paid for certain work using his Master Charge card, which evidently was issued by the Marine *133 Midland Bank and alleged that the car never was repaired and disputed the entire charge, which he stated was $765. Eventually, through banking procedures, this act came to the attention of the defendant, the Bank of New York, and on April 15, 1980, 67 days after the deposit, it deducted from other credit card sales slips in the plaintiff’s checking account in the sum of $761.25. It is undisputed that no notice of any kind was given to the plaintiff nor did he have an opportunity to controvert the allegations contained in the cardholder’s dispute form.
The defendant in its answer raises the affirmative defense that the procedure which it followed and the deduction which it made from plaintiff’s checking account was authorized by an agreement between it and the plaintiff dated August 28, 1978 entitled “Charge Plan Merchant Agreement”. A copy of the agreement accompanied the defendant’s papers. Its execution is undisputed and it does state that on demand the plaintiff will pay to the defendant bank from his credit card proceeds claims and demands if “there is any dispute or defense (whether or not valid) between Merchant and Cardholder”. The agreement goes on to state that the merchant waives notice of such protest and no time limit for such deductions is fixed by it.
The court is, therefore, called upon to pass on the validity of the charge plan merchant agreement between the plaintiff and the defendant. The Federal “Truth in Lending Act” (US Code, tit 15, § 1601 et seq.) and the regulations thereunder are applicable to credit cards issued in this State by virtue of their adoption by section 515 of the General Business Law.
The defendant states in its brief: “Given the fact that the card issuing bank is subject to claims and defenses that the cardholder may assert against the merchant, the bank has sought to protect itself by virtue of an agreement between it and the merchant. This agreement gives the bank a right to charge the merchant’s account in the event of a cardholder dispute, such as the dispute in the instant case between plaintiff and Dr. Moody [the customer of the repair shop].”
In other words, the defendant does not contend that Federal or State law mandates or even authorizes the *134 language used in the agreement between it and the plaintiff but rather that the Federal statute which is applicable here grants certain specific rights against the bank which issued the credit card. It should be noted that the bank which issued the instant credit card is not the defendant but the Marine Midland Bank of Buffalo, New York, which is not a party to this action.
In the fact situation present here, equity would normally require that the person who had the car repaired bear the loss, if any, since he may have a cause of action against the repair shop if the repairs were not done properly as he contended. However, he is also not a party to this action.
The issue, therefore, narrows down to the validity of the agreement between plaintiff and defendant. There is no doubt that the agreement itself permitted the defendant to make the deduction which it did. The agreement before the court contained no time limit at all within which the bank will honor a cardholder dispute claim, even from a cardholder whose card was issued by another bank. This is not merely a case of a depositor waiving certain notices and demands but results in the depositor having no security or finality in his accpunt for an infinite period of time.
The court, therefore, holds that the agreement is unreasonable and unenforceable and grants the plaintiff’s motion for summary judgment.